## AGELOFF v. LAKIN et al.

### (Supreme Court, Appellate Term. April 8, 1909.)

1. PARTNERSHIP (§ 213*)—SERVICES—ACTION—PLEADING.
    One, suing two persons on their agreement to pay him a certain price for the performance of certain work, may recover on an oral complaint alleging the promise, but not alleging that the two are partners.
    [Ed. Note.—For other cases, see Partnership, Dec. Dig. § 213.*]

2. PARTNERSHIP (§ 54*)—ACTION ON FIRM LIABILITY—EVIDENCE—SUFFICIENCY.
    Where, in an action against two persons on their promise to pay plaintiff for work, defendants testified that one of them was the owner of the business and that the other was the foreman thereof, that plaintiff testified that both told him the price, and that he would get it for the work, did not authorize a recovery against defendants on the theory that they were partners, in the absence of evidence that plaintiff was deceived as to their relationship.
    [Ed. Note.—For other cases, see Partnership, Dec. Dig. § 54.*]

Appeal fom Municipal Court, Borough of Manhattan, Second District.

Action by Abraham Ageloff against Samuel Lakin and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Frank M. Franklin, for appellants.
Joseph Kleiner, for respondent.

LEHMAN, J. The plaintiff is suing the defendants for work, labor, and services. At the trial he testified that he went to defendants' place of business, and that both defendants agreed to pay him certain prices for the performance of work. Upon this promise he is suing. On cross-examination he was asked, "Why did you sue both?" and plaintiff's counsel objected, saying, "They are both partners." The objection was thereupon sustained. The defendants' counsel, at the close of the plaintiff's case, moved to dismiss on the ground that there was no proof of a partnership. The court denied this motion, on the ground that, if they both engaged him, they made themselves liable for his pay, and they need not be partners.

As a general proposition of law, in an action upon an oral complaint, not alleging partnership, this is certainly correct; but it seems

to me that the facts of this case are insufficient to show a promise by both, if in fact they were not partners. The defendants testify that one brother was the owner of the business and the other brother the foreman. Under these circumstances the vague testimony of the plaintiff that both said, "This is the price, and that is what you will get," can only be construed to mean that the foreman promised to pay this price in behalf of the owner of the business, and the owner also made a similar promise. There is no evidence in the case that the plaintiff was deceived as to the relationship of the parties to the business. In fact, the checks in evidence, which were paid to the plaintiff, have printed on them the individual name of the actual owner, and the checks are signed by him alone.

There appears, also, to be another error in this case. The judgment is for $119.29 damages. There is no evidence that these are the correct figures. The amount testified to by the plaintiff is $121.05. The justice seems to have adopted the figures from a bill of particulars, which is annexed to the record, but not marked as an exhibit, and never served. It appears that this bill of particulars was really only a computation handed to the trial justice, and should have been used only for aiding him in arriving at the correct figures.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.